UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC ANDERSON,

    Petitioner,

v.

C. E. DUCART,

    Respondent.

Case No. 15-cv-04010-JST

**ORDER TO SHOW CAUSE**

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison and proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the filing fee.

## DISCUSSION

### A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.  Petitioner's Claims

According to the petition, on February 8, 2013, Petitioner was validated as a member of a prison gang and consequently placed in Pelican Bay's Security Housing Unit ("SHU"). See Docket No. 1-1 at 1 and 13. Petitioner alleges that his 2013 gang validation violated his due process rights because prison officials did not provide him with a hearing and an opportunity to

present his views prior to his validation, and because the evidence relied upon in his validation did not meet the "some evidence" standard. It appears that the expungement of Petitioner's gang validation would result in his release from SHU to the general population. Liberally construed, Petitioner's claims are cognizable under § 2254 and merit an answer from Respondent. See, e.g., Nettles v. Grounds, 788 F.3d 992, 1005–06 (9th Cir. 2015) (prisoner's claim that gang validation process violated his due process rights was cognizable in habeas because expungement of the gang violation would result in release from SHU to the general prison population) ("we remain bound by the determination in Bostic [v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)] that a prisoner can seek expungement of an incident from his disciplinary record when that would lead to speedier release from disciplinary segregation.").

**CONCLUSION**

1. The Clerk shall mail a copy of this order and the petition, with all attachments, to the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the record of the gang validation proceedings that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

1    4. Petitioner is reminded that all communications with the Court must be served on
2 Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must
3 keep the Court informed of any change of address and must comply with the Court's orders in a
4 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
5 pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772
6 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED**.

Dated:  December 10, 2015



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

3